

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:19-cr-47-J-34MCR
     18 U.S.C. §§ 641 &
AIDA SCHWARZ   1001(3)

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning in or about June 2014, and continuing through in or about April 2018, in the Middle District of Florida, and elsewhere, the defendant,

AIDA SCHWARZ,

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, or did aid and abet the willful embezzling, stealing, purloining, and converting, more than $1,000 of money and a thing of value of the United States and the Social Security Administration, a department and agency of the United States, that is, Social Security benefits and funds, with intent to deprive the United States and the Social Security Administration of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. § 641.

## COUNT TWO

On or about October 5, 2017, in Duval County, Florida, in the Middle District of Florida, and elsewhere, the defendant,

AIDA SCHWARZ,

in a matter within the jurisdiction of the Social Security Administration, an agency of the United States, did knowingly and willfully make and use any false writing or document, knowing the same to contain any materially false, fictitious, or fraudulent statement, to the Social Security Administration, that is, she stated on a Form SSA-795, Statement of Claimant or Other Person, that her husband has never lived with her at 23 Fenhill Lane. She made this false statement in and related to a claim for social security benefits.

All in violation of 18 U.S.C. § 1001(3).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 641, the defendant, AIDA SCHWARZ, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, the sum of at least $179,484.00, which represents proceeds the defendant obtained as a result of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

*Bennie L. Jackson Jr.*
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: JAY TAYLOR
Assistant United States Attorney

By: KELLY KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
3/26/19 Revised

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

AIDA SCHWARZ

## INDICTMENT

Violations: 18 U.S.C. §§ 641 and 1001(3)

A true bill,

_Bennie L Jackson Jr._
Foreperson

Filed in open court this 27th day of March, 2019.

_Tracus S. Rinolti_
Clerk

Bail   $_____

GPO 863 525